# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

TONY DEJUAN JACKSON,

        Plaintiff,

    v.

STATE OF MINNESOTA, in it's Official
Capacity et al., LORI SWANSON, Attorney
General for the State of Minnesota,
COMMITTEES OF THE SENATE WITH
JURISDICTION OVER CRIMINAL
JUSTICE POLICY, COMMITTEES OF THE
HOUSE OF REPRESENTATIVES WITH
JURISDICTION OVER CRIMINAL
JUSTICE POLICY, MINNESOTA
SENTENCING GUIDELINES
COMMISSION, LORI SKJERVEN GILDEA,
Chief Judge of the Minnesota State
Supreme Court, MATTHEW E. JOHNSON,
Chief Judge of the Minnesota State
Appellate Court, GARY R. SCHURRER,
Washington County District Court Judge for
the State of Minnesota, and DOUG
JOHNSON, Washington County Prosecutor
for the State of Minnesota,

        Defendants.

Civil No. 11-3739 (DSD/JJK)

**REPORT AND RECOMMENDATION**

---

Plaintiff, a prisoner of the State of Minnesota, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983.   (Docket No. 1.)   The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.   For the reasons discussed below, the Court finds that Plaintiff has failed to plead a cause of action on which relief can be granted.   It will therefore be recommended that this action

be summarily dismissed pursuant to § 1915A(b).[1]

## I.  BACKGROUND

Plaintiff is attempting to sue the State of Minnesota, various state legislative committees, the State Sentencing Guidelines Commission, several state judges, and a prosecutor.  All of Plaintiff's current claims against all of the named Defendants stem from his 1998 conviction and sentence in a Minnesota state criminal case that was prosecuted in Washington County, Minnesota.[2]  Plaintiff claims that Defendants caused

---

[1]  Plaintiff did not tender the required filing fee when he commenced this action, but instead applied for leave to proceed in forma pauperis, ("IFP").  (Docket No. 2.)   It is readily apparent, however, that regardless of Plaintiff's financial eligibility for IFP status, his IFP application will have to be denied, because his complaint is fatally defective.

[2]  The Minnesota Court of Appeals has provided the following synopsis of Plaintiff's Washington County criminal offense:

"On May 4, 1997, E.R. was alone in the home she shared with her parents when a man knocked on the door and asked if he could use the telephone. E.R. let him come in.   He was a tall, African American with short hair.   He wore a polo shirt and a blue fanny pack with the words 'St. Paul' on it.

Once in the house, the man put a gun to E.R.'s head and told her not to scream or he would kill her.   When she said her parents would return soon, the man responded that he would kill them too.   The man took E.R. to a bedroom where he put a sheet in her mouth and handcuffed her hands behind her back.   He rolled her onto her back, put a blanket over her head and had vaginal intercourse with her two or three times.   During his assault, the man repeatedly told E.R. to shut up or he would kill her. Before he left, the man removed the handcuffs and tied E.R.'s hands with yarn....

At Jackson's trial, the state presented evidence that two thumbprints from E.R.'s telephone matched Jackson's left thumb print... A forensic scientist testified that sperm from the sheet on which the man raped E.R... matched Jackson's DNA profile.   The scientist also testified that the random match probability was less than one in a billion."

him to be deprived of a fair criminal trial, and caused him to receive an improper prison sentence.   He is seeking a judgment that would, inter alia, afford him a new fair trial, and reduce the length of his sentence.   (Complaint, [Docket No. 1], p. 18, "Relief.")

## II.  DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government entities and government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A.   That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing."   28 U.S.C. § 1915A(a).   The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.   If a prisoner-plaintiff fails to state a cause of action on which relief can be granted, his action must be summarily dismissed.   28 U.S.C. § 1915A(b)(1).

In this case, the Court finds that Plaintiff's current pleading is clearly barred by the principles discussed by the Supreme Court in Preiser v. Rodriguez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994).   In both of those cases, the Court held that a person convicted of a state crime cannot challenge the legality of his conviction or sentence in a federal civil rights action.   Habeas corpus is the exclusive federal remedy for a person who believes that his conviction or sentence should be set aside.   Heck, 512 U.S. at 481, citing Preiser, 411 U.S. at 488-490.

---

State v. Jackson, 596 N.W.2d 262, 264 -65 (Minn.App.1999), rev. denied, Aug. 25, 1999.

Here, it is readily apparent that Plaintiff is challenging the validity of his state criminal conviction, and the sentence he is presently serving.   He is expressly asking for "reinstatement of [his] Constitutional Rights to a fair trial by jury and fair adjudicatory process," as well as a reduction of his sentence.   According to Preiser and Heck, however, the validity of a state criminal conviction and sentence cannot properly be considered in a federal civil rights action such as this one.   Habeas corpus is the only federal remedy available for a state prisoner seeking to overturn his conviction or sentence.[3]

Even if Plaintiff were seeking only money damages, this action still would have to be dismissed, because he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement."   Heck, 512 U.S. at 483.   See also Sheldon v. Hundley, 83 F.3d at 233 ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").   Any judgment in Plaintiff's favor on the claims presented in his current complaint would necessarily cast doubt on the validity of his state criminal conviction and the sentence he is now serving.   Therefore, Plaintiff's present civil rights action is barred by Heck.

---

[3]   Under different circumstances Plaintiff's complaint could, perhaps, be construed to be a habeas corpus petition, and entertained as such.   However, Plaintiff has already filed a federal habeas corpus petition challenging the 1998 Washington County criminal case that he is attempting to challenge here, and that prior petition was considered and denied on the merits.   See Jackson v. Bruton, Civil No. 01-1761 (DSD/SRN).   Therefore, Plaintiff cannot seek further federal habeas review of his 1998 Washington County case, without first obtaining a pre-authorization order from the Eighth Circuit Court of Appeals.   See 28 U.S.C. § 2244(b)(3).

## III.  CONCLUSION

Because Plaintiff's current claims are clearly barred by <u>Preiser</u> and <u>Heck</u>, he has failed to state a cause of action on which relief can be granted.[4]   The Court will therefore recommend that this case be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

The Court will also recommend that Plaintiff's IFP application, (<u>see</u> n. 1, <u>supra</u>), be denied, because he has failed to state any actionable claim.   <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).   Plaintiff will, however, remain liable for the unpaid balance of the $350 filing fee required by 28 U.S.C. § 1914(a).[5]   To date, he has not paid any fee at all, so he

---

[4]   The Court further notes that even if Plaintiff could somehow avoid <u>Preiser</u> and <u>Heck</u>, most of his claims, (and perhaps all of them), would have to be dismissed on various immunity grounds.  The State of Minnesota and its agencies are generally immune from suit in federal court under the Eleventh Amendment.  <u>Pugh v. Alabama</u>, 438 U.S. 781, 782 (1978) (<u>per curiam</u>) ("the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies").   All of the various Defendants who are judges or prosecutors are also immune from Plaintiff's claims, under the doctrines of judicial immunity and prosecutorial immunity.  <u>See</u> <u>Pierson v. Ray</u>, 386 U.S. 547, 553-54 (1967) (judges are immune from civil lawsuits that are based on allegedly wrongful acts or omissions that occurred while performing their judicial functions); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 427-428 (1976) (state prosecutors are immune from civil rights claims that are based on actions taken in the performance of their prosecutorial duties).

[5]   Under the PLRA, prisoners may be excused from <u>pre</u>-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."   In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee.  <u>Ashley v. Dilworth</u>, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").   Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee.  <u>See</u> <u>In re Tyler</u>, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action").

still owes the full $350 filing fee.   Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Plaintiff filed two other lawsuits contemporaneously with this case, and he has filed a motion asking that his three new cases be "consolidated."   (Docket No. 3.)   Because this action must be summarily dismissed, it would serve no useful purpose to consolidate it with any other case.   Therefore, Plaintiff's motion to consolidate will be denied.

Finally, because Plaintiff has failed to state a cause of action on which relief can be granted the Court will recommend that the dismissal of this action be counted as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

## IV.  RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.   Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2.   Plaintiff's motion to consolidate, (Docket No. 3), be **DENIED**;

3.   This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

4.   Plaintiff be required to pay the unpaid balance of the court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

5.   For purposes of 28 U.S.C. § 1915(g), this action be dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

Dated:    January 18, 2012

s/ Jeffrey J. Keyes
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 3, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.   All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.