UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-3739(DSD/JJK)

Tony Dejuan Jackson,

       Plaintiff,

v.                                             **ORDER**

State of Minnesota, in its
Official Capacity et al.,
Lori Swanson, Attorney General
for the State of Minnesota,
Committees of the Senate with
Jurisdiction over Criminal
Justice Policy, Committees of the
House of Representatives with
Jurisdiction over Criminal
Justice Policy, Minnesota
Sentencing Guidelines Commission,
Lori Skjerven Gildea, Chief
Judge of the Minnesota State
Supreme Court, Matthew E. Johnson,
Chief Judge of the Minnesota State
Appellate Court, Gary R. Schurrer,
Washington County District Court Judge
for the State of Minnesota, and
Doug Johnson, Washington County
Prosecutor of the State of Minnesota,

       Defendants.

This matter is before the court upon the pro se objection by plaintiff Tony Dejuan Jackson to the January 18, 2012, report and recommendation of Magistrate Judge Jeffrey J. Keyes. In his report, the magistrate judge recommends summary dismissal of this action because the complaint fails to state a claim under 42 U.S.C. § 1983. See 28 U.S.C. § 1915A. Specifically, the magistrate judge

determined that plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994).[1]  Jackson objects.

The court reviews the report and recommendation of the magistrate judge de novo.  28 U.S.C. § 636(b)(1)©; Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b).  After a de novo review, the court finds that the report and recommendation of the magistrate judge is well reasoned and correctly disposes of the complaint.  Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objection [ECF No. 10] to the magistrate judge's report and recommendation is overruled;

2. The magistrate judge's report and recommendation [ECF No. 5] is adopted in its entirety;

3. Plaintiff's application to proceed in forma pauperis [ECF No. 2] is denied as moot;

4. Plaintiff's motion to consolidate [ECF No. 3] is denied as moot;

5. Plaintiff's motion to appoint counsel [ECF No. 6] is denied as moot;

6. Plaintiff's motion to certify a class [ECF No. 7] is denied as moot; and

---

[1] The Magistrate Judge also notes that Jackson has previously filed a habeas corpus petition in this matter.  The petition was considered and denied.  See Jackson v. Brunton, No. 01-1761, ECF No. 25.  Plaintiff cannot seek further habeas review without first obtaining a pre-authorization order from the Eighth Circuit.  See 28 U.S.C. § 2244(b)(3).

7.   Plaintiff's motion for an extension of time to serve all parties [ECF No. 9] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 21, 2012

s/David S. Doty            
David S. Doty, Judge
United States District Court
